10-5177-cv
Perry v. NYSARC, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of May, two thousand eleven.

PRESENT: AMALYA L. KEARSE,
GERARD E. LYNCH,
J. CLIFFORD WALLACE,
*Circuit Judges.*[*]

-------------------------------------------------------------------

DEBORAH PERRY,

*Plaintiff-Appellant*,

v. No. 10-5177-cv

NYSARC, INC.,

*Defendant-Appellee.*[**]

-------------------------------------------------------------------

FOR APPELLANT: STEVEN EDWARD LAPRADE, Christina A. Agola, PLLC, Rochester, New York.

FOR APPELLEE: JAMES C. HOLAHAN, Bond, Schoeneck & King, PLLC, Rochester, New York.

---

[*] The Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

[**] The Clerk of Court is respectfully requested to amend the caption as set forth above.

Appeal from the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Deborah Perry appeals from the district court's dismissal of her claims brought pursuant to Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111-12117, and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601-2654. We review de novo a district court's judgment dismissing an action for failure to state a claim, taking as true all plausible allegations of fact and drawing all reasonable inferences in favor of the plaintiff. <u>Harris v. Mills</u>, 572 F.3d 66, 71 (2d Cir. 2009).

Since 2000, Deborah Perry has worked for the Wayne County chapter of NYSARC, Inc. ("NYSARC") as a "Direct Support Professional" charged with providing assistance to developmentally disabled individuals and their families. Although Perry disclosed at the time of her hiring that she suffers from epilepsy, her condition posed no workplace problems or concerns for the first nine years of her employment. On approximately June 28, 2009, however, Perry reported to her supervisors that she may have suffered an epileptic episode the night before. Perry requested and was granted permission to leave work early in order to obtain medical attention.

When Perry returned to work from a scheduled vacation around the second week of July, Perry's supervisor informed her that her workplace driving privileges would be

2

suspended until she produced a "fit for duty certificate" from her treating physician. A "Human Resource Specialist" told Perry that NYSARC was concerned about whether, in light of her recent episode, it was "safe" for Perry "to be left alone with consumers." The same individual also remarked that she "would be upset if she had [Perry's] condition."

Perry construed these actions by NYSARC employees as discriminatory treatment based upon her epilepsy. When she complained about the treatment to a supervisor, Perry experienced what she characterizes as further mistreatment and retaliation. Specifically, although Perry produced a report from a general physician "stating she had no restrictions," a supervisor repeatedly visited her workplace "unannounced at 6:00 a.m. demanding that she produce a fit to work certification from a neurologist" or "suffer consequences." Perry was also reassigned from a group home in which she was the only staff member overseeing four residents to a facility that is staffed by five NYSARC employees and whose residents are not home for the majority of the day.

On July 16, 2009, Perry filed a complaint with the New York State Division of Human Rights alleging disability discrimination and retaliation. The next day, Perry requested and was granted leave under the FMLA because she stated that her epilepsy "made her unable to perform the essential functions of her job." Eleven months later, Perry was subjected to disciplinary action for the first time during her employment with NYSARC. According to Perry, she was disciplined in retaliation for her decision to exercise her rights under the FMLA.

3

To survive a motion to dismiss, a complaint alleging workplace discrimination and retaliation need not plead facts sufficient to defeat summary judgment. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002). At the pleading stage, we consider only whether the complaint includes factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In conducting this inquiry, the court must generally accept as true all of the factual assertions in the complaint. Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009). However, there is a narrow exception to this rule for factual assertions that are contradicted by the complaint itself, by documents upon which the pleadings rely, or by facts of which the court may take judicial notice. See, e.g., Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1095 (2d Cir. 1995) (upholding dismissal where "attenuated allegations" supporting the claim were "contradicted both by more specific allegations in the Complaint and by facts of which [the court] may take judicial notice"); Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993) (affirming the dismissal of a claim based on "wholly conclusory and inconsistent allegations").

Perry's complaint alleges that NYSARC's restrictions on her driving privileges, demand for a neurologist's certification, and decision to transfer her to a different post were motivated by discriminatory animus and retaliatory motives rather than legitimate business reasons. We are not obliged to credit the assertion that NYSARC lacked a legitimate motive for these restrictions, because Perry admits in the complaint itself that during the relevant time period "epilepsy . . . made her unable to perform the essential

4

functions of her job." Because the complaint itself reveals that the actions taken by NYSARC were job related, Perry has failed to allege facts that would support an inference of discrimination. Indeed, read as a whole, the complaint supports the conclusion that NYSARC's actions were a reasonable effort to accommodate Perry's health condition.

Perry's ADA claim could still succeed if she were able to show that discriminatory animus played a motivating role in NYSARC's otherwise legitimate decision to alter her working conditions. See Parker v. Columbia Pictures Industries, 204 F.3d 326, 337 (2d Cir. 2000) (applying the mixed-motive causation standard articulated in the Civil Rights Act of 1991 to claims of discrimination under the ADA). But the facts alleged in Perry's complaint provide no direct evidence of discrimination. Perry points to the remarks of an unidentified human resources officer as evidence of a discriminatory motive on the part of NYSARC. Yet there was nothing in the officer's expression of concern to suggest that the employer's decision to alter Perry's duties was motivated by assumptions or attitudes regarding the abilities of persons with epilepsy as a class.[1] See Tomassi v. Insignia Financial Group, Inc., 478 F.3d 111, 116 (2d Cir. 2007) ("The relevance of discrimination-related remarks does not depend on their offensiveness, but rather on their tendency to show that the decision-maker was motivated by assumptions or attitudes

---

[1] Although allegedly discriminatory remarks may, in some cases, be so pervasive as to independently support a claim of discrimination based on a theory that they create a hostile work environment, see Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002) (discussing the hostile work environment standard in the Title VII context), Perry has not suggested that this single remark supports such a claim, nor would it.

relating to the protected class."). Thus, because we conclude that Perry's complaint fails to raise her allegations of disability discrimination and retaliation above the speculative level, the district court did not err in granting the motion to dismiss.

Perry's complaint also alleges that she was disciplined in retaliation for exercising her right to take leave under the FMLA. In order to establish FMLA retaliation, a plaintiff must show "a causal connection between the protected activity and the adverse employment action." Holt v. KMI-Continental, Inc., 95 F.3d 123, 130 (2d Cir. 1996) (setting forth the requirements for a retaliation claim under Title VII); Potenza v. City of New York, 365 F.3d 165, 168 (2d Cir. 2004) (applying the evidentiary standard developed in Title VII retaliation cases to an FMLA retaliation claim). Although mindful of our obligation to read the complaint in the light most favorable to the plaintiff, we conclude that a causal connection cannot plausibly be inferred in this case because (1) nothing in Perry's pleadings supports such an inference, and (2) an eleven-month interval separates Perry's protected activity and the first action of alleged retaliation.

In Clark County Sch. Dist. v. Breeden, the Supreme Court ruled that temporal proximity cannot support an inference of causal connection unless the alleged retaliatory action and the protected activity were "very close" in time. 532 U.S. 268, 273-74 (2001) (internal quotation marks omitted). In upholding an award of summary judgment for an employer, the Court concluded that action taken twenty months after the protected activity "suggests, by itself, no causality at all." Id. We have similarly concluded that even a four-month interval between protected activity and alleged

6

retaliation is insufficient in itself to establish the causal connection necessary to support a retaliation claim. Hollander v. Am. Cyanamid Co., 895 F.2d 80, 85-86 (2d Cir. 1990).

Although the issue in this case is dismissal rather than summary judgment, the rationale of these cases prompts us to conclude that, where the complaint shows that the first alleged act of retaliation occurred eleven months after the plaintiff's protected activity, and where nothing in the plaintiff's pleadings, even liberally construed, otherwise suggests a plausible causal connection between two events occurring so far apart, the complaint fails plausibly to allege a retaliation claim.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7